UNITED STATES (WAIGHT v.). See Case No. 17,042.

## Case No. 16,631.

### UNITED STATES v. WAITZ.

[3 Sawy. 473: 2 Law & Eq. Rep. 42; 8 Chi. Leg. News, 313.] [1]

District Court, P. Nevada. June 20, 1876.

EXTORTION DEFINED—REGISTER OF LAND OFFICE.

1. Extortion is the unlawful taking by any officer, by color of his office, of any money or thing of value that is not due him, or more than is due, or before it is due.

2. The register of a land office cannot lawfully act as attorney for any applicant for a patent for mineral land, whose application is filed. and the proceedings on·which·are to be conducted before him, and in his office.

3. If a register undertakes to act as attorney for an applicant in procuring a patent. and receive from him a gross sum, and this sum is taken as well for the execution of his official duties as doing some other things relating to procuring the patent. and no specified portion of it is taken as compensation for the one or the other, and the sum so taken is in excess of the fees allowed him by law, such taking of the money is extortion

The defendant [Adolphus] Waitz, was indicted for extortion while register of the land office. On the trial, the evidence tended to prove that Waitz had taken from one Ellen Grandona, an applicant for a mineral patent, the sum of $200, as a fee for obtaining a patent for her; that Waitz had at one time been admitted to the bar as an attorney at law; that he took this money from Mrs. Grandona partly as an attorney fee for conducting the proceedings to obtain the patent before himself, and partly for fees as register; that no particular portion of the money was taken either as register or attorney fee. but the work which he claimed to do as attorney and his official duties as register were all mixed and indiscriminately joined together, and a gross sum of money taken for the whole.

C. S. Varian, U. S. Atty.

C. E. De Long, for defendant.

HILLYER, District Judge (charging jury). Section 5481 of the Revised Statutes provides that "every officer of the United States who is guilty of extortion, under color of his office, shall be punished by fine," etc. Extortion is thus defined: It is the unlawful taking by any officer, by color of his office, of any money or thing of value that is not due to him, or the taking of any money or thing of value, by color of his office, in excess of what is due him, or before it is due

to him. The fees of the register of the land office are prescribed by law, and it is a general rule that no public officer may lawfully take any other fees or rewards for doing anything relating to his office than such fees as some statute in force gives him.

The statute law of the United States allows the following compensation to registers: First, a salary of $500 a year; second, a commission of one per centum on all moneys received at the receiver's office of his land district; third, a fee of five dollars for filing and acting upon each application for mineral lands; fourth, a fee of twenty-two and a half cents per hundred words for writing done in the land office in establishing claims for mineral land. Their compensation for one year, including salary, commissions and fees shall not exceed $3,000. It is further enacted that upon satisfactory proof that a register has charged or received fees or other rewards not authorized by law he shall forthwith be removed from office. He is also required to administer all oaths required by law or the instructions of his department, connected with the entry and sale of public lands without charging, or receiving directly or indirectly any fee therefor.

From all these provisions of the law it is plain that the compensation of a register of the land office is definitely fixed by the statutes of the United States, and that it is not lawful for him to charge or receive any other fees or rewards, directly or indirectly, for doing anything relating to his office of register. It is the aim of the law-maker in fixing the fees of a public officer to give him what will be sufficient pay for doing the duties required of him. It will rarely or never happen that everything which it is the duty of the officer to do is set down in the fee bill. But a salary, or commission, or fee is given him which will make the office sufficiently remunerative, in the judgment of the legislators. For those items for which a fee is fixed, the officer must take the sum given and the applicant must pay it and be content. Those duties for which no fee is set down in the law must still be performed by the officer without charge, or rather are regarded as covered by the salary, the commissions or fees given for other matters. Irwin v. Com., 1 Serg. & R. 504.

In the next place it will be advisable to ascertain as clearly as may be what the duties of a register are in reference to these applications for mineral lands, and then having a knowledge of his duties and his lawful fees, you will be able, I trust, without difficulty, to come to a right decision upon the main question in this case, viz., whether money was taken by the defendant from the prosecutrix for the execution of his official duty, when either no fee was due for the service, or when a less one was due than he took. By section 2478, Rev. St. U. S., the commissioner of the general land office, under the direction of the secretary of the interior, is authorized to enforce and carry into execution, by appropriate regulation, this statute in relation to mineral lands. He has made these regulations and I will now call your attention to some of them. (The judge here read from the instructions of the commissioner of the general land office in relation to the survey and entry of lode and placer claims.) From these instructions you will see that the duties of register extend over and have relation to everything that is done from filing the application until the papers are sent to Washington with his and the receiver's opinion on them. It is true he is not bound to draw up the paper called an application, but if he does he can lawfully charge but fifteen cents a folio of one hundred words for writing it. So as to other affidavits in land cases.

[As I have already stated, for doing anything pertaining to his official duties, he must take such fee as the statute gives him. If the statute gives him none, he must still do the duty, and take no fee, as in the case of applicants in land cases.] [2]

It is not denied that the defendant took a larger sum of money from Mrs. Grandona than he was entitled to as register, but his plea is that the money was taken as an attorney's fee, not as a register's fee. This plea of the defendant has received much consideration on my part, and the result is, that I consider it perfectly clear, and so charge you, that the defendant, while register, could not lawfully act as attorney for any applicant for a patent whose application was filed, and the proceedings on which were to be conducted before him and in his office. Many of the duties of the register are of a judicial character, and require the exercise of his impartial judgment. He should see that no fraudulent claim is enforced against the government. He has to pass upon the regularity of all the proceedings, and how can he do this impartially if he is the paid attorney of either party before him? But if this thing might lawfully be done, a more serious evil would result from the power it would give the officer to obtain money from those who were compelled to come to him as register. The compensation of the register is fixed by law, as well as his duties; citizens are compelled to go to him to make an application for a patent, and hence it is of great importance that his fees should be fixed with precision, so that he may have no excuse for taking excessive fees or imposing upon the ignorant. For this reason the legislature have fixed the fees of the register, so that each citizen may know what he has to pay. But the register cannot lawfully engage himself to an applicant to do all that may be necessary to get a patent, and charge a gross sum for his services, covering his legal fees and those he is not en-

[2] [From 8 Chi. Leg. News, 313.]

titled to as register. And the reason is, that in so doing he puts himself on unfair ground toward the applicant. Some of the services he is bound to apply to the register for, because no one else can do them, hence to allow him ·to take a sum in excess of his legal fees under the name of attorney's fee would be in effect the placing of every applicant for a patent in the power of the register.

Upon this branch of the case, I give you the following instruction: If you believe from the evidence that Mrs. Grandona paid the defendant two hundred dollars, or other sum, for getting her patent, and that this sum was paid defendant as well for the execution of his official duties as doing some other things relating to the getting of the patent. and that there was no specified portion of it taken as compensation or fee for the one or the other, and that the sum taken was in excess of his legal fees, then the taking of·the money was extortion.

NOTE [from 8 Chi. Leg. News. 313]. The jury could not agree, and were discharged. They stood six for acquittal, and six for conviction.